## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

**03 - 21470**



**IN THE MATTER OF THE ARBITRATION BETWEEN:**

**LINDA BOKOR, MICHAEL BOKOR,
JASON BOKOR, and SHELDON HOROWITZ
AND LINDA BOKOR AS TRUSTEES OF
THE ERNA HOROWITZ REVOCABLE TRUST,**

      **Claimants,**

**and**

**SUMMIT EQUITIES, INC., MARTIN SINGER,
STEVEN WEINMAN, FREDERICK R. STUBBS,
SALVADORE R. SALVO, REMBERT D. McNEER,
and JOSEPH R. ROWEK**

      **Respondents.**

_____/

**National Association
of Securities Dealers
Dispute Resolution
Arbitration No. 01-06928**

### RESPONDENTS' MOTION TO CONFIRM THEIR ARBITRATION AWARD PURSUANT TO THE FEDERAL ARBITRATION ACT, 9 U.S.C. § 9 AND INCORPORATED MEMORANDUM OF LAW

Respondents, by and through their undersigned attorneys, move under 9 U.S.C. §§ 6 and

9, for an Order[1] confirming their National Association of Securities Dealers ("NASD") Dispute

Resolution Arbitration Award and say:

### NATURE OF THE ACTION

Respondents bring this Motion pursuant to 28 U.S.C. § 1331 and §1332, seeking

confirmation under the Federal Arbitration Act (the "Arbitration Act"), 9 U.S.C. § 9, of their

favorable National Association of Securities Dealers ("NASD") Dispute Resolution Arbitration

_____

[1]Respondents' proposed form of Order accompanies this Motion.

WPB#564261.1

Award, No. 01-06928 (the "Award"), issued March 31, 2003.  A copy of the Award is appended hereto as Exhibit "A."

The claims underlying the Award involve, *inter alia*, claims of violations of federal securities laws under the Securities Exchange Act of 1934, 15 U.S.C. §78(a) *et seq.* (1997).  <u>See</u> Third Amended Statement of Claim, a copy of which is appended hereto as Exhibit "B."  The amount in controversy in the subject arbitration exceeds $75,000 (<u>see</u> Exhibit B, page 15) and this action is between the citizens of different states.[2]

The Arbitration Act, section 9, provides that, if no court is specified in the parties' arbitration agreement, "at any time within one year after the award is made any party to the arbitration may apply to the...[United States court in and for the district within which such award was made] for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected [as otherwise prescribed in the Act]...." 9 U.S.C. § 9, Award of arbitrators; confirmation; jurisdiction; procedure.

The parties' Arbitration Agreement (the "Agreement") reflects the parties' agreement that judgment "upon the award of arbitrators may be entered in any court, state or federal, having jurisdiction." <u>See</u> Exhibit C, appended hereto, a copy of the parties' Agreement to Arbitrate All Controversies; <u>see also</u> Exhibit D, appended hereto, a copy of the parties' Submission Agreement.  The Award was issued by NASD Dispute Resolution, Southeast Region, Boca Raton, Florida. <u>See</u> Exhibit A, page 1.  The Award has not been vacated, modified, or corrected. Therefore, consonant with the Arbitration Act, the Award must be confirmed upon this application.

---

[2]The Respondents are citizens of New Jersey.  Upon information and belief, Claimants Linda Bokor and Michael Bokor are citizens of Florida.  Upon information and belief, Claimants Jason Bokor and Sheldon Horowitz are citizens of New York.

## STATEMENT OF FACT

By letter dated March 31, 2003, NASD Dispute Resolution conveyed to the Respondents, through their attorneys, the Arbitration Panel's Award for NASD Arbitration No. 01-06928. See Exhibit A.   Upon information and belief, the NASD Arbitration Panel's Award, No. 01-06928, was conveyed on the same date to the Claimants or their attorneys.

In the arbitration, the Claimants asserted, *inter alia*, that securities laws of the United States had been violated, including a claim that unsuitable investment recommendations had been made. See Exhibit B, page 10, Counts 2 and 3 (unsuitability); page 12, Count 7 (violation of Federal securities laws, including Section 10(b) of the Securities Exchange Act of 1934).

The NASD Arbitration Panel found Respondents "not liable on any count." See Exhibit A, page 3, paragraph 1.   Further, the NASD Arbitration Panel recommended:

> [T]he expungement of all references to the above captioned arbitration from Respondents Weinman, Stubbs, McNeer, Rowek, Salvo, Singer, and SEI's [Summit Equities, Inc.'s] registration records maintained by the NASD CRD, with the understanding that pursuant to NASD Notices to Members 99-09 and 99-54, Respondents Weinman, Stubbs, McNeer, Rowek, Salvo, Singer, and SEI must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

See Exhibit A, page 3, paragraph 2.

The subject Arbitration Award has not been vacated, modified, or corrected.

## ARGUMENT

The Arbitration Act, section 9, provides that, if no court is specified in the parties' arbitration agreement, "at any time within one year after the award is made any party to the arbitration may apply to the...[United States court in and for the district within which such award was made] for an order confirming the award, and thereupon the court must grant such an order

3

unless the award is vacated, modified, or corrected [as otherwise prescribed in the Act]...."  9 U.S.C. § 9, Award of arbitrators; confirmation; jurisdiction; procedure.  The parties' Agreement provides that judgment "upon the award of the arbitrators may be entered in any court, state or federal, having jurisdiction."

Section 9 of the Arbitration Act provides that venue for purposes of confirmation is appropriate in the United States court in and for the district within which the award was made. See also Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co., 529 U.S. 193, 195 (2000) (citing statute).  This Court has original jurisdiction of this matter as a civil action arising under the laws of the United States, pursuant to 28 U.S.C. § 1331, because the claims underlying the Arbitration Award sought to be confirmed herein involve, *inter alia*, claims of violations of federal securities laws and regulations promulgated under the Securities Exchange Act of 1934, 15 U.S.C. §78(a) *et seq.* (1997).  See GMS Group, LLC v. Benderson, 2003 WL 1792224 (2d Cir. April 7, 2003).  This Court also has original jurisdiction of this action because it is between the citizens of different states and the amount in controversy exceeds $75,000.  Whether the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied, is determined by reference to the value of the arbitration award to the respondent/plaintiff petitioning for confirmation of the award.  This value is measured by "looking to the underlying complaint because this is the value to the defendant of prevailing in the arbitration."  North American Thought Combine, Inc. v. Kelly, 2003 WL 354974 (S.D.N.Y. February 14, 2003).  See Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472 (11th Cir. 1997), cert. denied, 525 U.S. 841 (1998).  Herein, that amount exceeds $75,000.

Further, with respect to jurisdiction, Section 9 of the Arbitration Act states, in pertinent part: "Notice of the application shall be served upon the adverse party, and thereupon the court

shall have jurisdiction of such party as though he had appeared generally in the proceeding." See also Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 707 (2d Cir. 1985), cert. denied, 475 U.S. 1067 (1986) (quoting statute). The attorneys representing Claimants in the underlying action have been served by mail with this Motion. Further, as specified in 9 U.S.C. §9, the two Claimants that are resident in the Southern District of Florida, have individually been served with this Motion by mail. As to the two non-resident Claimants, Jason Bokor and Sheldon Horowitz, pursuant to the requirements of 9 U.S.C. §9, this Motion shall be served upon them by a marshal of the Eastern District of New York "in like manner as other process of the court." Proof of service by the marshal will be filed with this Court and, and upon such filing, jurisdiction as to all parties attaches and at that time the Court may issue an Order.

"Judicial review of arbitration awards is 'narrowly limited,' and the Federal Arbitration Act presumes that arbitration awards will be confirmed." Gianelli Money Purchase Plan & Trust v. ADM Investor Services, Inc., 146 F.3d 1309, 1312 (11th Cir. 1998). Confirmation of an arbitration award is usually a routine and summary proceeding that merely makes what is already a final arbitration award a judgment of the court. See Riccard v. Prudential Insurance, Co., 307 F.3d 1277, 1288 (11th Cir. 2002).

The Award has not been vacated, modified, or corrected, therefore it must be confirmed pursuant to Section 9 of the Arbitration Act.

## Conclusion

For the reasons stated, Respondents respectfully request that this Court confirm their Arbitration Award.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to **Christopher T. Vernon Esq.**, Treiser, Lieberfarb, Collins & Vernon, Chtd., 4001 Tamiami Trail, North, Suite 330, Naples, Florida 34103; **Daniel R. Solin, Esq.**, 401 Broadway, Suite 306, New York, New York 10013; **John A. Agostini, Esq.**, Cain Hibbard Myers & Cook, PC, 66 West Street, Pittsfield, Massachusetts 01201; **Linda Bokor**, 17230 NE Twelfth Avenue, Miami, Florida, 33162-2718; **Michael Bokor**, 960 NE 175th Street, North Miami Beach, Florida 33162-2160; **Jason Bokor**, 811 Central Avenue, Woodmere, New York 11598-2640; and **Sheldon Horowitz**, 336 Harbor Drive, Long Beach, New York 11561-4907 on this ⎽⎽⎽ day of May, 2003.

Respectfully submitted,

**CARLTON FIELDS, P.A.**
222 Lakeview Avenue, Suite 1400
West Palm Beach, Florida 33402-0150
Telephone:  (561) 659-7070
Facsimile:  (561) 659-7368
E-Mail:  jianno@carltonfields.com

By: _____
JOSEPH IANNO, JR.
Florida Bar No:  655351

and

WILLIAM A. DESPO
**ST. JOHN & WAYNE, L.L.C.**
Two Penn Plaza East
Newark, NJ  07105-2249

Attorneys for Respondents

**NASD Dispute Resolution**
www.nasd.com

Southeast Region
Boca Center • 5200 Town Center Circle • Tower 1 • Suite 400
Boca Raton, FL • 33486-1012 • 561-416-0277 • Fax 561-416-2267

March 31, 2003

Lloyd R. Schwed, Esq.
Kubicki Draper, P.A.
1645 Palm Beach Lakes Boulevard
Suite 1100
West Palm Beach, FL  33401

Subject:     NASD Arbitration Number 01-06928
             Linda Bokor, Michael Bokor, Jason Bokor, et al. vs. Summit Equities, Inc., Martin Singer,
             Steven Weinman, et al.

Dear Mr. Schwed:

In accordance with the NASD Code of Arbitration Procedure (the "Code"), I enclose the decision reached
by the arbitrators in the above-referenced matter.

Pursuant to Rule 10330(h) of the Code, the responsible party must pay any monetary awards within 30
days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction.  If an
award is not paid within 30 days, the responsible party must pay post-judgment interest at the legal rate
or as provided in the award by the arbitrator(s).  Members and associated persons who do not comply with
an award in a timely manner are subject to non-summary suspension proceedings as set forth in the Rule
9510 Series, which is part of the NASD Manual.

NASD Dispute Resolution, Inc. has implemented a system of monitoring and tracking compliance with
arbitration awards by members and associated persons.  Therefore, we request prevailing claimants to
notify us in writing when their awards have not been paid within 30 days of receipt of the award, and
require member firms to certify in writing that they have complied with awards against them or their
associated persons.

If you have been awarded monetary damages against an NASD member firm or associated person,
please notify me in writing if your award has not been paid by the end of the 30-day period.

All awards are final and are not subject to review or appeal by the arbitration panel or by NASD Dispute
Resolution, Inc.  Any party wishing to challenge the award must make a motion to vacate the award in
a federal or state court of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. §
10, or applicable state statute.  There are limited grounds for vacating an arbitration award, and a party
must bring a motion to vacate within the time period specified by the applicable statute.  Parties and
counsel should consult federal and state statutes and case law to determine the appropriate court, standards,
and time limitations in their individual circumstances.  A motion to vacate, confirm, or modify an
arbitration award is a matter only between the parties to the arbitration.  NASD Dispute Resolution is not
a proper party to post-award motions and should not be named as a party to any post-award motion.

03/30/2003   23:32   5614474927                     NASD DR                              PAGE   04/11

NASD
Arbitration No. 01-06928
Award   Page 2 of 6

Respondent SEI's Uniform Submission Agreement signed: July 31, 2002.
Claimants' Opposition to Respondents' Motion to Dismiss filed on or about: July 19, 2002.
Respondents' Reply to Claimants' Opposition to Respondents' Motion to Dismiss filed on or
about: July 23, 2002.

03/30/2003   23:32   5614474927                     NASD DR                              PAGE   03/11

03/30/2003   23:32   5614474927                     NASD DR                              PAGE   02/11

Please direct any questions regarding this decision to me. **The parties must not contact the arbitrators**
**directly.**

Very truly yours,



NASD
Arbitration No. 01-06928
Award   Page 3 of 6

## OTHER ISSUES CONSIDERED AND DECIDED

On or about September 18, 2002, the panel denied Respondents' Motion to Dismiss.

During the final hearing, Claimants withdrew Count eight (8) of their Third Amended Statement of Claim, which alleged violations of Section 20(a) of the Exchange Act against control persons, and Respondents made a Motion to Dismiss which the Panel, in the interest of time, deferred arguments until the end of the hearing.  At the conclusion of the hearing, Respondents did not renew their motion.

On February 24, 2003, Claimants informed NASD that they dismissed Count eight (8) of their Third Amended Statement of Claim in its entirety, and Count nine (9) as to all Respondents except Respondents SEI and Singer.

On February 25, 2003, Claimants informed NASD that they dismissed Respondents Weinman, Salvo, Stubbs, McNeer, and Rowek from this matter, leaving Respondents SEI and Singer as the only remaining Respondents.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, testimony, and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1) The Panel fully heard both the Claimants and the Respondents, and after a full hearing, found the Respondents not liable on any count.
2) The Panel recommends the expungement of all references to the above captioned arbitration from Respondents Weinman, Stubbs, McNeer, Rowek, Salvo, Singer, and SEI's registration records maintained by the NASD CRD, with the understanding that pursuant to NASD Notices to Members 99-09 and 99-54, Respondents Weinman, Stubbs, McNeer, Rowek, Salvo, Singer, and SEI must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.
3) Claimants' requests for attorneys' fees and costs are denied.
4) Any and all claims for relief not specifically addressed herein, including Claimants' request for punitive damages, are denied.

## FEES

Pursuant to the NASD Code of Arbitration Procedure (the "Code"), the following fees are assessed:

3

NASD
Arbitration No. 01-06928
Award   Page 4 of 6

## Filing Fees

NASD received or will collect, the non-refundable filing fees for each claim as follows:

| | | |
|---|---|---|
| Initial claim filing fee | = $ | 250.00 |

## Member Fees

Member fees are assessed to each member firm that is either a party in the matter or an employer of a Respondent at the time of the events that gave rise to the dispute, claim, or controversy. Respondent SEI is a party to this dispute and was an NASD member at the time the following fees were assessed:

| | | |
|---|---|---|
| Member Surcharge | = $ | 1,500.00 |
| Pre-Hearing Process Fee | = $ | 750.00 |
| Hearing Process Fee | = $ | 2,200.00 |
| Total Member Fees | = $ | 4,450.00 |

## Adjournment Fees

There were no adjournments granted during these proceedings for which fees were assessed.

## Injunctive Relief Fees

Injunctive relief fees are assessed to each member or associated person who files for a temporary injunction in court. Parties in these cases are also assessed arbitrator travel expenses and costs when an arbitrator is required to travel outside his or her hearing location and additional arbitrator honoraria for the hearing for permanent injunction. These fees, except the injunctive relief surcharge, are assessed equally against each party unless otherwise directed by the panel.

Injunctive relief fees were not assessed in this matter.

## Administrative Costs

Administrative costs are expenses incurred because a party requested additional services beyond the normal administrative services. These additional services include, but are not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters, security, and other requests.

There were no administrative costs incurred during these proceedings.

## Forum Fees and Assessments

The Panel assessed a forum fee for each pre-hearing conference or hearing session conducted. A pre-hearing conference and hearing session is any meeting between the parties and the Chair/Panel. The following fees are assessed:

| | | |
|---|---|---|
| Three (3) Pre-hearing conferences with the Panel @ $1,000.00 | = $ | 3,000.00 |

Pre-hearing conferences:   July 23, 2002   1 session

NASD
Arbitration No. 01-06928
Award   Page 5 of 6

|  | September 18, 2002 | 1 session |
|  | January 7, 2003 | 1 session |

| Eight (8) Hearing sessions with the Panel @ $1,000.00 |  |  | =$ | 8,000.00 |
| Hearings: | February 10, 2003 | 2 sessions |  |  |
|  | February 11, 2003 | 2 sessions |  |  |
|  | February 18, 2003 | 2 sessions |  |  |
|  | February 19, 2003 | 2 sessions |  |  |

| **Total Forum Fees** | = $ 11,000.00 |

The Panel waived $550.00 of the $1,000.00 forum fees which accrued for the January 7, 2003 pre-hearing conference.

The Panel assessed forum fees of $5,225.00 to Claimants, jointly and severally.

The Panel assessed forum fees of $5,225.00 to Respondents SEI and Singer, jointly and severally.

### Fee Summary

Claimants are liable for the following fees and costs, jointly and severally:

| Initial Filing Fee | = $ | 250.00 |
| Forum Fees | = $ | 5,225.00 |
| Total Fees | = $ | 5,475.00 |
| Less payments | = $ | 1,250.00 |
| Balance Due NASD | = $ | 4,225.00 |

Respondent SEI is solely liable for the following fees and costs:

| Member Fees | = $ | 4,450.00 |
| Total Fees | = $ | 4,450.00 |
| Less payments | = $ | 4,450.00 |
| Balance Due NASD | = $ | 0.00 |

Respondents SEI and Singer are liable for the following fees and costs, jointly and severally:

| Forum Fees | = $ | 5,225.00 |
| Total Fees | = $ | 5,225.00 |
| Less payments | = $ | 0.00 |
| Balance Due NASD | = $ | 5,225.00 |

All balances are payable to NASD and are due upon the parties' receipt of the Award pursuant to Rule 10330(g) of the Code.

NASD
Arbitration No. 01-06928
Award   Page 6 of 6

## ARBITRATION PANEL

| *Jerri M. Blaney, Esq.* | . | *Public Presiding Chair* |
| *Dennis J. Levin* | - | *Non-Public Arbitrator* |
| *Albert Fox* | - | *Public Arbitrator* |

### Concurring Arbitrators' Signatures

_____/s/_____
Jerri M. Blaney, Esq.
Chair, Public Arbitrator

_____
Signature Date

_____/s/_____
Dennis J. Levin
Non-Public Arbitrator

_____
Signature Date

_____/s/_____
Albert Fox
Public Arbitrator

_____
Signature Date

March 31, 2003
Date of Service  (For NASD office use only)

6

NASD
Arbitration No. 01-06978
Award  Page 6 of 6

## ARBITRATION PANEL

| Jerri M. Blaney, Esq. | — | Public Presiding Chair |
| Dennis J. Levin | — | Non-Public Arbitrator |
| Albert Fox | — | Public Arbitrator |

**Concurring Arbitrators' Signatures**

*Jerri M. Blaney*

Jerri M. Blaney, Esq.
Chair, Public Arbitrator

3/24/03

Signature Date

_____

Dennis J. Levin
Non-Public Arbitrator

_____
Signature Date

_____

Albert Fox

_____
Signature Date

Date of Service (For NASD office use only)   6

Date of Service (For NASD office use only)   6

NASD
Arbitration No. 01-06928
Award  Page 6 of 6

## ARBITRATION PANEL

Jerri M. Blaney, Esq.          .          Public Presiding Chair
Dennis J. Levin                .          Non Public Arbitrator
Albert Fox                     .          Public Arbitrator

Concurring Arbitrators' Signatures.


Jerri M. Blaney, Esq.                    Signature Date
Chair, Public Arbitrator


Dennis J. Levin                          3/21/03
Non-Public Arbitrator                    Signature Date


Albert Fox                               Signature Date
Public Arbitrator


Date of Service  (For NASD office use only)

6

NASD
Arbitration No. 01-06928
Award   Page 6 of 6

## ARBITRATION PANEL

Jerri M. Blaney, Esq.              -          Public Presiding Chair
Dennis J. Levin                    -          Non-Public Arbitrator
Albert Fox                         -          Public Arbitrator

RECEIVED
MAR 2 8 2003
FL ARBITRATION

### Concurring Arbitrators' Signatures

_____                    _____
Jerri M. Blaney, Esq.                        Signature Date
Chair, Public Arbitrator

_____                    _____
Dennis J. Levin                              Signature Date
Non-Public Arbitrator

_____                    3-27-03
Albert Fox                                   Signature Date
Public Arbitrator

_____
Date of Service  (For NASD office use only)

6

Exhibit B

NATIONAL ASSOCIATION OF SECURITIES DEALERS

DEPARTMENT OF DISPUTE RESOLUTION

In the Matter of the Arbitration Between:

LINDA BOKOR, MICHAEL BOKOR,
JASON BOKOR, and SHELDON HOROWITZ AND
LINDA BOKOR AS TRUSTEES OF THE ERNA
HOROWITZ REVOCABLE TRUST,

    Claimants,

           v.

SUMMIT EQUITIES, INC., MARTIN SINGER,
STEVEN WEINMAN, FREDERICK R. STUBBS,
SALVADORE R. SALVO, REMBERT D. McNEER
AND JOSEPH F. ROWEK,

    Respondents.

NASD-DR Arbitration Number
01-06928

## THIRD AMENDED STATEMENT OF CLAIM

        Linda Bokor, Michael Bokor, Jason Bokor, and Sheldon Horowitz and Linda Bokor as

Trustees of the Erna Horowitz Revocable Trust bring these claims against Summit Equities,

Inc. ("Summit Equities"), Martin Singer ("Singer"), Steven Weinman ("Weinman"),

Frederick R. Stubbs ("Stubbs"), Salvadore R. Salvo ("Salvo"), Rembert D. McNeer

("McNeer") and Joseph F. Rowek ("Rowek") and allege as follows:

### THE PARTIES

1.     Linda Bokor is an individual who is a resident of Miami, Florida.

2.  Michael Bokor is an individual who is a resident of North Miami, Florida. He is Mrs. Bokor's son.

3.  Jason Bokor is an individual who is a resident of Woodmere, New York. He is Mrs. Bokor's son.

4.  Sheldon Horowitz and Linda Bokor are Trustees of the Erna Horowitz Revocable Trust. Sheldon Horowitz is an individual residing in Lido Beach, New York. Erna Horowitz had also been a Trustee, until her death.

5.  Summit Equities is a New Jersey corporation, with a principal place of business at 4 Campus Drive, Parsippany, New Jersey and which is authorized to do business, and conducts business throughout the United States, including Florida.

6.  Singer is a licensed broker who is employed by Summit Equities. At all relevant times, he was acting on behalf of Summit Equities. Upon information and belief, he is a resident of New Jersey, with a principal place of business at Summit Equities, Inc., 4 Campus Drive, Parsippany, New Jersey.

7.  Weinman, upon information and belief, is a resident of New Jersey, with a place of business at Summit Equities, Inc., 4 Campus Drive, Parsippany, New Jersey.

8.  Stubbs, upon information and belief, is a resident of New Jersey, with a place of business at Summit Equities, Inc., 4 Campus Drive, Parsippany, New Jersey.

9.  Salvo, upon information and belief, is a resident of New Jersey, with a place of business at Summit Equities, Inc., 4 Campus Drive, Parsippany, New Jersey.

10. McNeer, upon information and belief, is a resident of New Jersey, with a place of business at Summit Equities, Inc., 4 Campus Drive, Parsippany, New Jersey.

2

11.    Rowek, upon information and belief, is a resident of New Jersey, with a place of

business at Summit Equities, Inc., 4 Campus Drive, Parsippany, New Jersey.

12.    Weinman, Stubbs, Salvo, McNeer and Rowek are "control persons" of Summit

Equities, pursuant to Section 20(a) of the SEC Act of 1934.


## STATEMENT OF FACTS

13.    Mrs. Bokor is 61 years old, does not work, had no employment history and was

recently widowed.  She is an unsophisticated investor.  Her husband took care to

provide Mrs. Bokor with funds to live off of in the event of his death.  Mrs. Bokor

received money from life insurance policies and from Mr. Bokor's investment

accounts.  Mrs. Bokor wanted to invest her funds in conservative, secure, low-risk

investments, which would allow her to live the rest of her life off of her investments,

provide funds for her mother while she remained alive, and provide for her children's

inheritance.

14.    In February 2000, Mrs. Bokor met with Martin Singer to discuss her investment

objectives.  At all relevant times, Singer was acting as an agent and on behalf of

Summit Equities.  Mrs. Bokor advised Respondents that she wanted conservative,

secure, low-risk investments.

15.    Singer provided Mrs. Bokor with a report with proposed objectives, recommendations

and asset allocations.  A copy is attached as Exhibit 1.

16.    In this proposal, Singer stated his objectives were to

"review current asset structure, considering income need, taxation and inflation;
achieve a competitive rate of return . . . to provide adequate capital for
retirement income; optimize [her] net rate of return by considering age, tax

3

bracket and risk orientation . . .; maintain flexibility to meet changes regarding . . . spending patterns . . .; and consider total family wealth preservation."

17.  At the time Singer prepared his proposal, Mrs. Bokor had assets of $1,633,000.

18.  Singer stated that if the portfolio return averaged 8% per year, she would have income of $130,000 per year to cover her estimated annual expenses of $49,800. His conclusion was that she "would have more than enough assets to live graciously forever."

19.  In his recommendations for Mrs. Bokor, Singer stated "You have enough depth of resources to withstand any market volatility." He said she should "live, travel and spoil your grandchildren any way you wish. . . . [Y]ou can afford it all."

20.  Singer recommended Mrs. Bokor "employ professional management to increase the probability of favorable results via a carefully selected balanced portfolio which is constantly monitored (emphasis added)."

21.  On the recommendations of Singer, Mrs. Bokor opened or invested in the following accounts with Summit Equities:

| Name of Account Holder | Account Number | Account Opened | Amount |
|---|---|---|---|
| Linda Bokor (hereafter "Bokor Main Account") | C6B-038911 | March 2000 | $524,941.05 |
| NFSC/FMTC IRA FBO Linda Bokor (hereafter "Bokor IRA") | C6B-207691 | March 2000 | $55,828.32 |
| Sheldon and Erna Horowitz and Linda Bokor, Trustees of the Erna Horowitz Revocable Trust (hereafter "Trustee Account") | C6B-039179 | March 2000 | $303,302.13 |

4

ACB/4/17/02/009949/0027/155983

| Name of Account Holder | Account Number | Account Opened | Amount |
|---|---|---|---|
| Michael Bokor Jason Bokor (hereafter "Sons' Account #1") | C6B-038989 | March 2000 | $142,498.19 |
| Jason Bokor Michael Bokor (hereafter Sons' Account #2) | C6B-038970 | March 2000 | $243,879.80 |

Additional funds from insurance checks were deposited in Sons' Account #1 and Sons' Account #2 so that by June 2000, both had values of approximately $315,000.

22. On the recommendation of Singer, the accounts are in different names for estate and tax planning purposes, but they are all for the benefit of Mrs. Bokor. Singer stated in his recommendations, that regarding the money put into the accounts other than the Bokor Main Account, "none of this money be spent", except by Mrs. Bokor. Together, all of the accounts are referred to as the "Bokor Portfolio". All of the accounts were discretionary accounts, because Mrs. Bokor knew very little about investing and was not able to select investments on her own behalf.

23. Singer was the account executive for the Bokor portfolio.

24. When Mrs. Bokor opened the accounts, they were classified by Singer and Summit Equities as "Strategic Asset Allocation".

25. In the Summit Equities Investment Management Agreement (attached as Exhibit 2), "Strategic Asset Management" is described as follows:

> "The Manager will review the investment assets and recommend a program of asset allocation and asset diversification based on the stated objectives and risk tolerance of the Client. The Manager will then assist the Client to position his investments in accordance with the selected allocation.

ACS/4/17/02/009949/0027/155983

> Investments will be recommended in appropriate investment vehicles such as managed mutual funds, variable annuities and variable life contracts."

26.    In the Summit Equities Statement of Disclosure (attached as Exhibit 3) given to

Mrs. Bokor when she opened the accounts, it states:

> "Summit Equities may recommend a program of strategic asset allocation and diversification based upon the stated objectives and risk tolerances of a client. Summit Equities will assist the Client to position his/her investments in accordance with the selected allocation, using investment vehicles such as managed mutual funds, variable annuities, variable life contracts, and portfolios of individual issues. On a periodic basis, the Client's portfolio will be reviewed."

27.    Singer invested the accounts in inappropriate and unsuitable investments, placing most

everything in equities, except that a small percentage of the Trustee Account was in

fixed income funds. Singer never engaged in any "strategic asset allocation and

diversification" based upon Mrs. Bokor's objectives and risk tolerances.

28.    For the Bokor Main Account, approximately 97% of the account value was in equities.

29.    For the Bokor IRA, approximately 98% of the account value was in equities.

30.    For the trustee Account, approximately 86% of the account value was in equities.

31.    For the Sons' Account #1, approximately 99% of the account value was in equities.

32.    For the Sons' Account #2, approximately 98% of the account value was in equities.

33.    Singer told Mrs. Bokor she had "enough assets to withstand any market volatility".

34.    When the market did begin to drop, Singer and Summit Equities did not recommend

any asset reallocation away from all equities, in an attempt to mitigate the losses to

Mrs. Bokor's portfolio.

35.    Singer took advantage of Mrs. Bokor and ingratiated himself with her and pretended to

be her friend. See correspondence from Singer attached as Exhibit 4. He told her all

6

about his visit to Italy. He planned a visit to Florida to see her. He expressed interest

in a furniture finishing project she was undertaking. He would send her jokes

periodically.

36. As the stock market continued to do poorly, Singer only moved assets between stock

funds. He never invested in other types of assets, such as fixed income instruments or

bonds.

37. In all of the accounts there was a total of $1,508,222.56 of cash and securities

deposited. A total of $100,682.01 cash was withdrawn. The accounts experienced a

total loss of $294,393.26 on a total net investment of $1,407,540.55. This represents a

loss of 21%.

38. From March 2000 until April 2001 the accounts lost the following values:

| Account | Gain/Loss Amount |
|---|---|
| Bokor Main Account | -149,744.52 |
| Bokor IRA | - 15,388.53 |
| Trustee Account | + 9,882.09 |
| Sons' Account #1 | - 55,575.09 |
| Sons' Account #2 | - 83,567.15 |

39. Given Mrs. Bokor's age, income needs, and inability to replace lost assets, an all equity

portfolio was not appropriate for her.

40. Within the equity portfolio itself, the Bokor Portfolio had a much higher risk level than

the S&P 500. The added risk is indicative of higher concentration of aggressive growth

7

and speculative growth investments. The portfolio showed little diversification in the small company and international/emerging markets, which could have actually reduced the overall risk of the portfolio.

41.   Had Mrs. Bokor's accounts been invested in a more suitable investment for her needs, for example a 40/60 equities/fixed income, she would have incurred a gain of $82,476.71, or 5.8%, and would have had an ending balance of $1,490,017.26. This is a difference of over $376,869.97, compared to actual results of a loss of 21%. The all equity account was inappropriate for her needs.

42.   Had Mrs. Bokor's portfolio been invested more aggressively that the 40/60 equities/fixed income, but still more appropriately than the 100% equities, for example, in 60/40 equities/fixed income, she would have experienced a gain of $77,865,44, or just over 5%. She would have had an ending portfolio balance of $1,485,405.99, a difference of $372,258.70 when compared to Mrs. Bokor's actual results.

43.   Almost all the accounts had monthly transactions in which specific mutual funds were sold and bought. In certain cases the fund that was bought was later sold and the originally sold fund was purchased back. It appears that Singer was trying to time certain market segments by selling out of certain funds and investing in others and then repurchasing the original fund. In most cases, these transactions yielded a net loss.

44.   Most of the investments were in Class B Mutual Funds. These funds typically carry a higher expense ratio than other funds. This higher cost ratio would have directly impacted on available returns.

45.   Contrary to his stated recommendations, Singer failed to invest Mrs. Bokor's funds in a balanced portfolio.

8

46.   Contrary to Summit Equities' agreement with Mrs. Bokor, it did not recommend an

asset allocation and diversification based upon Mrs. Bokor's objectives and risk

tolerance.

47.   An all equities high risk investment portfolio is clearly inappropriate for a widow who

. does not work and does not have the capability of replacing lost assets.

48.   Mrs. Bokor lost $294,393.26 on her investment of $1,407,540.55.

### Count 1

### Summit Equities and Martin Singer – Breach of Contract

49.   The Claimants repeat and reallege Paragraphs 1 through 48 as if fully set forth herein.

50.   By handling a discretionary account Singer, Summit and the "control persons" became

the fiduciary of Mrs. Bokor.

51.   As set forth in Leib v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 461 F. Supp.

951, 953, 1978 U.S. Dist. LEXIS 14660 (1978), while not needing prior authorization

for each transaction, the Respondents

> "Must (1) manage the account in a manner directly comporting with the needs
> and objectives of the customer as stated in the authorization papers or as
> apparent from the customer's investment and trading history, Rolf v. Blyth
> Eastman Dillon & Co., Inc., 570 F. 2d 38 (2nd Cir. 1978); (2) keep informed
> regarding changes in the market which affect his customer's interest and act
> responsively to protect those interests (see in this regard, Robinson v. Merrill
> Lynch, 337 F. Supp. 107 (N.D. Ala, 1071), Aff'd, 453 f. 2d 417 (5th Cir.
> 1972); (3) keep his customer informed as to each completed transaction; and
> (5) explain forthrightly the practical impact and potential risks of the course of
> dealing in which the broker is engaged, Stevens v. Abbott, Proctor and Paine,
> 288 F. Supp. 836 (E.D. Va. 1968)
>
> Although no particular type of trading is required of brokers handling
> discretionary accounts, most concentrate on conservative investments with few
> trades usually in blue chip growth stocks. Where a broker engages in more
> active trading, particularly where such trading deviates from the customer's
> stated investment goals or is more risky than the average customer would prefer,

9

he has an affirmative duty to explain the possible consequences of his actions to his customer. This explanation should include a discussion of the effect of active trading upon broker commissions and customer profits." Leib v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 461 F. Supp. 951, 953, 1978 U.S. Dist. LEXIS 14660 (1978)

52.  The Respondents failed to properly manage these discretionary accounts, in direct violation of their contractual obligation to do so and their fiduciary obligations to Mrs. Bokor.

53.  As a direct and proximate cause of these contractual breached by the Respondents, the Claimants suffered unnecessary and excessive monetary loss.

## Count 2

### Martin Singer – Inappropriate and Unsuitable Investments

54.  The Claimants repeat and reallege Paragraphs 1 through 53 as if fully set forth herein.

55.  Singer knew or should have known that the stocks purchased for Bokor's accounts did not meet her requirements of conservative, secure, low risk investments and that these stocks were unsuitable for this investor at her stage in life and given her low tolerance for risk.

56.  Singer knew or should have known that an all equity portfolio was inappropriate for Mrs. Bokor, and that she should have had at least 40% of her portfolio in investments which were not exposes to an equity risk.

As a direct and proximate cause of the activities of Singer, the Claimants suffered unnecessary and excessive monetary loss.

## Count 3

### Summit Equities – Inappropriate and Unsuitable Investments

57.  The Claimants repeat and reallege Paragraphs 1 through 56 as if fully set forth herein.

10

58.   Summit Equities knew or should have known that the stocks purchased for Bokor's accounts did not meet Bokor's requirements of conservative, secure, low risk investments and that these stocks were unsuitable for this investor at her stage in life and given her low tolerance for risk.

59.   Summit Equities knew or should have known that an all equity portfolio was inappropriate for Mrs. Bokor, and that she should have had at least 40% of her portfolio in investments which were not exposes to an equity risk.

As a direct and proximate cause of the activities of Summit Equities, the Claimants suffered unnecessary and excessive monetary loss.

## Count 4

### Singer – Misrepresentation

60.   The Claimants repeat and reallege Paragraphs 1 through 59 as if fully set forth herein.

61.   Singer represented that the portfolios were safe and conservative. He said Mrs. Bokor had "more than enough assets to live graciously forever". Singer said he invested her funds in a "carefully selected balanced portfolio". Singer did not tell Mrs. Bokor that an all equity account was inappropriate for her, and that his advice that she could "withstand any market volatility" was belied by the historical data, was ill-advised and was without basis in fact.

As a direct and proximate cause of these misrepresentations, the Claimants suffered unnecessary and excessive monetary loss.

## Count 5

### Summit Equities – Misrepresentation

62.   The Claimants repeat and reallege Paragraphs 1 through 61 as if fully set forth herein.

11

63.    Summit Equities represented that it would "recommend a program of strategic asset allocation and diversification" in "appropriate investment vehicles such as managed mutual funds, variable annuities, variable life contracts and portfolios of individual issues".

64.    Summit Equities represented that the portfolio would be reviewed on a periodic basis to determine that the asset allocation and diversification in the accounts continued to be appropriate for Mrs. Bokor.

65.    Summit Equities failed to follow its own representations.

As a direct and proximate cause of this misrepresentation, the Claimants suffered unnecessary and excessive monetary loss.

### Count 6

### Summit Equities - Failure To Supervise

66.    The Claimants repeat and reallege Paragraphs 1 through 65 as if fully set forth herein.

67.    Respondent Summit Equities knew or should have known that Respondent Singer purchased inappropriate and unsuitable investments for Bokor.

68.    Respondent Summit Equities failed to supervise the actions and activities of Singer.

As a direct and proximate cause of this failure to supervise, the Claimants suffered unnecessary and excessive monetary loss.

### Count 7

### Violation of Federal Securities Regulations

69.    The Claimants repeat and reallege Paragraphs 1 through 68 as if fully set forth herein.

12

ACS/4/17/02/009949/0027/155983

70.    The recommendations of Respondents in the Bokor accounts violated NYSE Rule 405, since they clearly were not consistent with her investment objectives, needs and risk tolerance. Respondents made no effort to use diligence necessary to understand the investment objections and risk tolerance of Bokor. To the extent it did so, it ignored this information.

71.    Respondents violated Section 10(b) of the Securities Exchange Act of 1934, and Rule 10-65 promulgated thereunder.

As a direct and proximate cause of this violation of Federal Securities Regulations, the Claimants suffered unnecessary and excessive monetary loss.

## Count 8

### Weinman, Stubbs, Salvo, McNeer and Rowek – "Control Person"

72.    The Claimants repeat and reallege Paragraphs 1 through 71 as if fully set forth herein.

73.    The inaproprieate and insuitable investments aand the misrepresentation made by Singer and Summit Equities and the failure to supervise Singer by Summit Equities were wrongful conduct by Singer and Summit Equities.

74.    Weinman, Stubbs, Salvo, McNeer and Rowek are each "Control Persons" of Summit Equities.

75.    Section20(a) of the SEC Act of 1934 provides that "control persons" of a firm are personally liable if they knew or should have known about the wrongful conduct.

76.    Upon information and belief, Weinman, Stubbs, Salvo, McNeer and Rowek each knew or should have known about wrongful conduct engaged in by Singer and/or Summit Equities.

13

ACS/4/17/02/009949/0027/155983

77.     Upon information and belief, Weinman, Stubbs, Salvo, McNeer and Rowek each failed
        to take action to prevent the wrongul conduct of Singer and/or Summit Equities.

78.     Weinman, Stubbs, Salvo, McNeer and Rowek are each personally liable to Claimants
        for the wrongful conduct of Singer and/or Summit Equities.

As a direct and proximate cause Weinman, Stubbs, Salvo, McNeer, and Rowek and their
knowledge of and failure to take action to stop the wrongful conduct of Singer and Summit
Equities, the Claimants suffered unnecessary and excessive monetary loss.

### Count 9

### All Respondents - Breach Of Fiduciary Duty

79.     The Claimants repeat and reallege Paragraphs 1 through 78 as if fully set forth herein.

80.     Given that the accounts were discretionary accounts, the Respondents are fiduciaries of
        the Claimants.

81.     Respondents breached their fiduciary duty by allowing the purchase of investments,
        which were unsuitable for Claimants.  The conduct of Respondents with respect to the
        selection and purchase of equities in Bokor's accounts indicates that the account was
        managed by Respondents primarily to benefit themselves individually and the brokerage
        firm which employed them, and not to benefit Claimants.

As a direct and proximate cause of this breach of fiduciary duty, the Claimants suffered
unnecessary and excessive monetary loss.

14

## DAMAGES AND RELIEF

Pecuniary Damages.

>   As a result of the activities of Respondents, the Claimants lost $372,258.70 more than they would have if they had invested in a 60/40 equity/fixed income account, and $376,869.97 more than if they had invested in an appropriate 40/60 equity/fixed income account. The amount of damages which the Bokors have suffered will be established at the hearings and will include, among other things, a claim for reimbursement of the losses suffered by the Bokors in their accounts, and a claim for market adjusted damages which will take into account what the performance of Bokor's accounts would have been had they been properly invested, instead of being invested in a manner intended to benefit Respondents at the expense of Bokor.

Punitive Damages.

>   The Bokors request that punitive damage awards be assessed against Respondents. Punitive damages are awarded in order to punish the wrongdoer and deter others from emulating the same conduct. The conduct of the Respondents fully warrants the imposition of punitive damages in this matter. The amount of these damages will be determined at the hearing.

Attorneys Fees, Costs and Expenses

>   The Bokors request that they be awarded reasonable attorneys fees, plus the costs and expenses incurred in prosecuting this action.

15

Respectfully submitted this 17 day of _April_____, 2002.

Attorneys for **LINDA BOKOR, MICHAEL BOKOR, JASON BOKOR, and SHELDON HOROWITZ AND LINDA BOKOR AS TRUSTEES OF THE ERNA HOROWITZ REVOCABLE TRUST**, Claimants,

_____
Christopher T. Vernon, Esq.
Florida Bar No.: 0748110
OFFICE AND POST OFFICE ADDRESS
Treiser, Lieberfarb, Collins & Vernon, Chtd.
4001 Tamiami Trail, North, Suite 330
Naples, Florida 34103
(941) 649-4900

_____
Daniel R. Solin, Esquire
401 Broadway, Suite 306
New York, New York 10013
(212) 226-0959

_____
John A. Agostini, Esquire
Cain Hibbard Myers & Cook, PC
66 West Street
Pittsfield, MA 01201
(413) 443-4771

_____, 2002

ACS/4/17/02/009949/0027/155983

## Certificate of Service

I, John A. Agostini, hereby certify that this document was served upon

Lloyd R. Schwed, Esq.
Kubicki Draper
165 Palm Beach Lakes Boulevard, Suite 1100
West Palm Beach, FL 33401

Date: _April 17_____, 2002

17

ACS/4/17/02/009949/0027/155983

# SUMMIT EQUITIES, INC.

4 Campus Drive
Parsippany, New Jersey 07054-0413
(973) 285-3670
MEMBER: NASD and SIPC

| ACCOUNT NAME AND MAILING ADDRESS | | SOCIAL SECURITY / TAX ID NUMBER |
| --- | --- | --- |
| Linda Boker | | 0241-36-8436 |
| ☐ Confirms  226 NE 12th Ave | | JT SOCIAL SECURITY / TAX ID NUMBER |
| ☐ Statements  Miami FL 33162-2718 | | |

**TYPE OF ACCOUNT**
- ☑ INDIVIDUAL
- ☐ JOINT
- ☐ JTWROS
- ☐ UGMA
- ☐ CUSTODIAN
- ☐ CORPORATE (attach agreement)
- ☐ PARTNERSHIP
- ☐ IRA
- ☐ TRUST OR QUALIFIED PLAN
- ☐ INVESTMENT CLUB
- ☐ OTHER

| DUPLICATE NAME AND ADDRESS (if applicable) | |
| --- | --- |
| ☐ Confirms | |
| ☐ Statements | |

HOME ADDRESS (IF DIFFERENT FROM MAILING ADDRESS)

IF THIS ACCOUNT TO BE OPERATED BY ANY OTHER PERSON THAN THE OWNER?  Yes ☐   NAME

ADDRESS   PHONE (

| HOW WAS ACCOUNT ACQUIRED? ☐ Known Personally ☐ Referred by ☐ ESR ☐ Other | IS ACCOUNT AN EMPLOYEE OF YOUR FIRM? ☐ Yes ☑ No | IS ACCOUNT RELATED TO AN EMPLOYEE OF YOUR FIRM? ☐ Yes ☑ No  IF YES, NAME OF EMPLOYEE AND RELATIONSHIP | PHONE ( |
| --- | --- | --- | --- |

| IS ACCOUNT A SENIOR OFFICER, DIRECTOR OR LARGE SHAREHOLDER OF PUBLIC COMPANY? ☐ Yes ☑ No | | ACCOUNT HOME PHONE ( 305 ) 653-4461 | ACCOUNT BUS. PHONE |
| --- | --- | --- | --- |

| IF YES, COMPANY NAME: | | |
| --- | --- | --- |
| CITIZEN ☑ | IF NOT CITIZEN, please supply the following information (Read W-8)  Resident Alien (1) ☐ Yes ☐ No  Nation of ( | IS ACCOUNT OF LEGAL AGE? ☑ Yes ☐ No ☐ N/A |

| ACCOUNT EMPLOYER ☐ No | YES, EMPLOYED | TYPE OF BUSINESS | POSITION | IS EMPLOYERS WRITTEN CONSENT REQUIRED? ☐ Yes ☐ No |
| --- | --- | --- | --- | --- |

| SPOUSE NAME (IF EMPLOYED, FIRM NAME)  Deceased | TYPE OF BUSINESS | POSITION | ☐ Yes ☑ No |
| --- | --- | --- | --- |

| PREVIOUS INVESTMENT EXPERIENCE  YRS | BROKER REFERENCES  A.  B. | COMMERCIAL BANK REFERENCE (BRANCH AND ADDRESS) |
| --- | --- | --- |

| INVESTMENT OBJECTIVES | NET WORTH (EXCL. OF HOME / AUTO) | INITIAL TRANSACTION |
| --- | --- | --- |
| ☐ INCOME ☑ GROWTH ☐ TAXABLE | ANNUAL INCOME $ 73,750 + family | ☐ Buy _____ Shares / Security |
| ☐ AGGRESSIVE GROWTH ☐ NON TAXABLE | ASSETS $ | ☐ Sell _____ Amount |
| ☐ OTHER (Describe) | NET WORTH $ 688,000 | ☐ Deposit |

## CLIENT AUTHORIZATION

I HAVE RECEIVED A CURRENT PROSPECTUS ON THIS / THESE OFFERING(S), AND THE INFORMATION I HAVE PROVIDED IS CORRECT, AND I AUTHORIZE OPENING THIS ACCOUNT.

AND

## EXEMPTION CERTIFICATION

Check the box if you are subject to backup withholding under the provisions of section 3406(a) (1) (c) of the Internal Revenue Code: ☐
Under penalties of perjury, I certify that the number shown on this form is my correct tax identification number and, if the exemption box is checked I am subject to backup withholding. I acknowledge that I have read, understand, and agree to the terms of the Agreement set forth on this New Account Application.

Signature _Linda Boker_   Date 3/10/00
Joint Tenant's Signature

| RESIDENCE / MAILING ADDRESS DIFFERENT STATES | ☐ Yes ☑ No |
| --- | --- |
| RR REGISTERED IN APPLICABLE STATE(S) | ☑ Yes ☐ No |
| LEVEL OF LICENSING SUFFICIENT | ☑ Yes ☐ No |

### FOR MAIN OFFICE NEW ACCOUNTS USE ONLY

**PAPERS NEEDED**
- ☐ PARTNERSHIP AGREEMENT
- ☐ FIRST PARTY TRADING AUTHORITY
- ☐ THIRD PARTY TRADING AUTHORITY
- ☐ INVESTMENT CLUB AGREEMENT
- ☐ CUSTOMER AGREEMENT
- ☐ JOINT ACCT AGREEMENT
- ☐ TRUST AGREEMENT
- ☐ ESTATE PAPERS
- ☐ CORPORATE RESOLUTION
- ☐ INVESTMENT ADVISOR
- ☐ W-9 CERTIFICATION
- ☐ W-8 CERTIFICATION
- ☐ OTHER

### REGISTERED REPRESENTATIVE REVIEW

I HAVE REVIEWED ACCOUNT FOR COMPLETENESS / ACCURACY / SUITABILITY

R.R. # BOB
SIGNATURE _____   DATE 3/15/00

APPROVED / REGISTERED PRINCIPAL
SIGNATURE _RA_   DATE 3/17/00

## AGREEMENT TO ARBITRATE ALL CONTROVERSIES

I represent that I understand the terms of the arbitration clause, as follows:

(a) Arbitration is final and binding on the parties.

(b) The parties are waiving their right to seek remedies in court, including the right to jury trial.

(c) Pre-arbitration discovery is generally more limited and different from court proceedings.

(d) The arbitrators' award is not required to include factual findings or legal reasoning and any party's right to appeal or to seek modification of rulings by the arbitrators is strictly limited.

(e) The panel of arbitrators will typically include a minority of arbitrators who were affiliated with the securities industry.

The undersigned agrees, and by carrying an account of the undersigned, you agree, that all controversies which may arise between us, including but not limited to those involving any transaction or the construction, performance, or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be conducted before the National Association of Securities Dealers, Inc. ("NASD"), and in accordance with its rules then in force. Judgement upon the award of arbitrators may be entered in any court, state or federal, having jurisdiction.

Class action matters are excluded from arbitration proceedings conducted by the NASD. Therefore, it is further agreed that the parties to this agreement shall not bring a putative or certified class to arbitration, nor seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action; or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until: (i) the class certification is denied; or (ii) the class is decertified; or (iii) the customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this agreement except to the extent stated herein.

By signing this agreement, I acknowledge the following: (1) that, in accordance with the above, I am agreeing to arbitrate any controversies which may arise with you, and (2) receipt of a copy of this agreement.

Signature of Client _Linda Boker_   3/10/00
Date

Signature of Co-Client _____   Date

(10-95)   NEW ACCOUNTS COPY

**NASD Dispute Resolution Arbitration**
**UNIFORM SUBMISSION AGREEMENT**

*Respondent(s)*

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Linda Bokor, Michael Bokor, Jason Bokor, and Sheldon Horowitz and Linda Bokor as Trustees of the Erna Horowitz Revocable Trust,

and

Name(s) of Respondent(s)

Summit Equities, Inc., Martin Singer, Steven Weinman, Frederick R. Stubbs, Salvadore R. Salvo, Rembert O. McNeer and Joseph R. Rowek.

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Martin Singer
Respondent Name (please print)

_____     4/1/02
Respondent's Signature                Date

_____
Respondent Name (please print)

_____     _____
Respondent's Signature                Date

**If needed, copy this page.**

23

NASD Dispute Resolution Arbitration
UNIFORM SUBMISSION AGREEMENT

*Respondent(s)*

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Linda Bokor, Michael Bokor, Jason Bokor, and
Sheldon Horowitz and Linda Bokor as Trustees of
the Erna Horowitz Revocable Trust,

and

Name(s) of Respondent(s)

Summit Equities, Inc., Martin Singer, Steven
Weinman, Frederick R. Stubbs, Salvadore R. Salvo,
Rembert O. McNeer and Joseph R. Rowek.

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Joseph R. Rowek
Respondent Name (please print)

_(signature)_                                                      3/17/0-
Respondent's Signature                                            Date


Respondent Name (please print)


Respondent's Signature                                           Date

If needed, copy this page.

**NASD Dispute Resolution Arbitration**
**UNIFORM SUBMISSION AGREEMENT**

*Respondent(s)*

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Linda Bokor, Michael Bokor, Jason Bokor, and
Sheldon Horowitz and Linda Bokor as Trustees of
the Erna Horowitz Revocable Trust,

and

Name(s) of Respondent(s)

Summit Equities, Inc., Martin Singer, Steven
Weinman, Frederick R. Stubbs, Salvadore R. Salvo,
Rembert D. McNeer and Joseph R. Rowek.

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Rembert McNeer

Respondent Name (please print)

Respondent's Signature                                      3/27/02
                                                            Date

Respondent Name (please print)

Respondent's Signature                                      Date

If needed, copy this page.

23

NASD Dispute Resolution Arbitration
UNIFORM SUBMISSION AGREEMENT

*Respondent(s)*

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Linda Bokor, Michael Bokor, Jason Bokor, and
Sheldon Horowitz and Linda Bokor as Trustees of
the Erna Horowitz Revocable Trust.

and

Name(s) of Respondent(s)

Summit Equities, Inc. Martin Singer, Steven
Weinman, Frederick R. Stubbs, Salvadore R. Salvo,
Rembert O. McNeer and Joseph R. Rouek.

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Steve Weinman
Respondent Name (please print)

Respondent's Signature                                    3-27-02
                                                          Date

Respondent Name (please print)

Respondent's Signature                                    Date

If needed, copy this page.

23

NASD Dispute Resolution Arbitration
UNIFORM SUBMISSION AGREEMENT

*Respondent(s)*

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Linda Bokor, Michael Bokor, Jason Bokor, and Sheldon Horowitz and Linda Bokor as Trustees of the Erna Horowitz Revocable Trust,

and

Name(s) of Respondent(s)

Summit Equities Inc. Martin Singer, Steven Weinman, Frederick R. Stubbs, Salvadore R. Salvo, Rembert D. McNeer and Joseph R. Rourk.

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Frederick R. Stubbs
Respondent Name (please print)

_____     4-1-02
Respondent's Signature                              Date

_____     _____
Respondent Name (please print)

_____     _____
Respondent's Signature                              Date

If needed, copy this page.

23

NASD Dispute Resolution Arbitration
UNIFORM SUBMISSION AGREEMENT

*Respondent(s)*

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Linda Bokor, Michael Bokor, Jason Bokor, and
Sheldon Horowitz and Linda Bokor as Trustees of
the Erna Horowitz Revocable Trust,

and

Name(s) of Respondent(s)

Summit Equities, Inc., Martin Singer, Steven
Weinman, Frederick R. Stubbs, Salvadore R. Salvo,
Rembert O. McNeer and Joseph R. Rouek.

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Salvadore R. Salvo
_____
Respondent Name (please print)

_____          4/1/02
Respondent's Signature                              Date

_____
Respondent Name (please print)

_____          _____
Respondent's Signature                              Date

If needed, copy this page.

23

# UNIFORM SUBMISSION AGREEMENT

**NASD Dispute Resolution, Inc.**

In the Matter of the Arbitration Between

Name of Claimant(s)

Erna Horowitz Revocable Trust
Linda Bokor
Michael Bokor
Jason Bokor

01-06928

Name of Respondent(s)

Summit Equities, Inc.
Martin Singer
Steven Weinman
Frederick R. Stubbs
Salvadore R. Salvo
Rembert D. McNeer
Joseph F. Rowek

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, cross claims and all related counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations and/or NASD Code of Arbitration Procedure of the

sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. IN WITNESS WHEREOF, the parties hereto have signed and acknowledged the foregoing Submission Agreement.

Party(ies) Signature

_____
Summit Equities, Inc.

Date: ___7/31/02___

LC43A: SUBMISSION AGREEMENT
wnb:7/00
RECIPIENTS:
    LLoyd R. Schwed, Esq., Summit Equities, Inc.
    Kubicki Draper, P.A., 1645 Palm Beach Lakes Boulevard, Suite 1100, West Palm Beach,
    FL 33401

    LLoyd R. Schwed, Esq., Martin Singer
    Kubicki Draper, P.A., 1645 Palm Beach Lakes Boulevard, Suite 1100, West Palm Beach,
    FL 33401

    LLoyd R. Schwed, Esq., Steven Weinman
    Kubicki Draper, P.A., 1645 Palm Beach Lakes Boulevard, Suite 1100, West Palm Beach,
    FL 33401

    LLoyd R. Schwed, Esq., Frederick R. Stubbs
    Kubicki Draper, P.A., 1645 Palm Beach Lakes Boulevard, Suite 1100, West Palm Beach,
    FL 33401

    LLoyd R. Schwed, Esq., Salvadore R. Salvo
    Kubicki Draper, P.A., 1645 Palm Beach Lakes Boulevard, Suite 1100, West Palm Beach,
    FL 33401

LLoyd R. Schwed, Esq., Rembert D. McNeer
Kubicki Draper, P.A., 1645 Palm Beach Lakes Boulevard, Suite 1100, West Palm Beach,
FL 33401

LLoyd R. Schwed, Esq., Joseph F. Rowek
Kubicki Draper, P.A., 1645 Palm Beach Lakes Boulevard, Suite 1100, West Palm Beach,
FL 33401

**NASD Dispute Resolution Arbitration**
**UNIFORM SUBMISSION AGREEMENT**

## Claimant(s)

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Linda Bokor, Michael Bokor, Jason Bokor, and Sheldon        Horowitz

and Linda Bokor as Trustees of the Erna Horowitz Revocable Trust

and

Name(s) of Respondent(s)

Summit Equities, Inc., Martin Singer, Steven Weinman, Frederick R. Stubbs,

Salvadore R. Salvo, Rembert D. McNeer and Joseph F. Rowek

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Linda Bokor
Claimant Name (please print)

*Linda Bokor*                                          12/20/01
Claimant's Signature                                   Date

Claimant Name (please print)

Claimant's Signature                                   Date

**If needed, copy this page.**

21

UNIFORM SUBMISSION AGREEMENT

*Claimant(s)*

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Linda Bokor, Michael Bokor, Jason Bokor,. and Sheldon       Horowitz

and Linde Bokor as Trustees of the Erna Horowitz Revocable Trust

and

Name(s) of Respondent(s)

Summit Equities, Inc., Martin Singer, Steven Weinman, Frederick R. Stubbs

Salvadore A. Salvo, Rembert D. McNeer and Joseph F. Rowek

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Sheldon      Horowitz and Linda Bokor as Trustees of the Erna Horowitz
Claimant Name (please print) Revocable Trust

_Claimant's Signature_               12/20/01
Claimant's Signature                     Date

_Sheldon Horowitz_          12/20/01
Claimant Name (please print)

Claimant's Signature                     Date

If needed, copy this page.

21

**UNIFORM SUBMISSION AGREEMENT**

*Claimant(s)*

In the Matter of the Arbitration Between

    Name(s) of Claimant(s)

    Linda Bokor, Michael Bokor, Jason Bokor, and Sheldon     . Horowitz

    and Linda Bokor as Trustees of the Erne Horowitz Revocable Trust

    and

    Name(s) of Respondent(s)

    Summit Equities, Inc., Martin Singer, Steven Weinman, Frederick R. Stubbs,

    Salvadore R. Salvo, Rembert D. McNeer and Joseph F. Rowek

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

    Jason Bokor
    Claimant Name (please print)

                                   12/20/01
    Claimant's Signature                              Date

    Claimant Name (please print)

    Claimant's Signature                              Date

**If needed, copy this page.**

21

**UNIFORM SUBMISSION AGREEMENT**

*Claimant(s)*

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Linda Bokor, Michael Bokor, Jason Bokor, and Sheldon      Horowitz

and Linda Bokor as Trustees of the Erna Horowitz Revocable Trust

and

Name(s) of Respondent(s)

Summit Equities, Inc., Martin Singer, Steven Weinman, Frederick R. Stubbs

Salvadore R. Salvo, Rembert D. McNeer and Joseph F. Rowek

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Michael Bokor
Claimant Name (please print)

_____     4/15/2001
Claimant's Signature                Date

_____
Claimant Name (please print)

_____
Claimant's Signature                Date

If needed, copy this page.

21

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purposes of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LINDA BOKOR, MICHAEL BOKOR, JASON BOKOR, AND SHELDON HOROWITZ AND LINDA BOKOR AS TRUSTEES OF THE ERNA HOROWITZ REVOCABLE TRUST, | SUMMIT EQUITIES, INC., MARTIN SINGER, STEVEN WEINMAN, FREDERICK R. STUBBS, SALVADORE R. SALVO, REMBERT D. MCNEER, AND JOSEPH R. ROWEK, |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Christopher T. Vernon, Esq.
Treiser, Lieberfarb, et al.
4001 Tamiami Trail, North, Suite 330
Naples, FL 34103

ATTORNEYS (IF KNOWN)
Joseph Ianno, Jr., Esq.
Stacey K. Sutton, Attorney
Carlton Fields, P.A.
222 Lakeview Avenue, Suite 1400
West Palm Beach, FL 33401
(561) 659-7070

**(d)** CHECK BOX FOR COUNTY WHERE ACTION AROSE: ☒DADE ☐MONROE ☐BROWARD ☐ PALM BEACH ☐MARTIN ☐ST. LUCIE ☐INDIAN RIVER ☐OKEECHOBEE ☐HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

☐ 1. U.S. Government (Plaintiff)
X 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government (Defendant)
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF
(FOR DIVERSITY CASE ONLY) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizens of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN
(PLACE AN "X" IN ONE BOX ONLY)

☐1 Original Proceeding
☐2 Removed from State Court
☐3 Remanded from Appellate Court
☐4 Reinstated or Reopened
☐5 Transferred from another district (Specify)
☐6 Multidistrict Litigation
☐7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT
(PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL INJURY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other personal Injury | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | ☐ 791 Empl. Ret Inc Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | X 890 Other Statutory Actions A OR B |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL
VI a -0- days estimated (for both sides to try entire case)

Motion to Confirm Arbitration Award Pursuant to U.S.C. § 9

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
☐ DEMAND $_____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes X No

## VIII. RELATED CASE(S) IF ANY: (See Instructions): JUDGE: _____ DOCKET NUMBER: _____

DATE: MAY 28, 2003

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 718404 AMOUNT $30.00 APPLYING IFP _____ JUDGE Sect 2 MAG. JUDGE _____

WPB#565238.01WPB#565238.1

**INSTRUCTIONS FOR ATTORNEYS COMPLETING COVER SHEET, FORM JS-44**

**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein, neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    (a) **Plaintiffs - Defendants.** Enter names Last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases., the county of residence of the -defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P. which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332. where parties are citizens of different states. When Box 4 is checked. the citizenship of the different parties must be checked. (See Section III below, federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-4 - is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C.. Section 1441. When the petition for removal is granted. check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening (late as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above. is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit. select the most definitive.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, E.R.C.R.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

WPB#565238.01WPB#565238.1